**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:01-CR-39-006** |
| | § | |
| **CARLOS WAYNE SMITH** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On October 11, 2006, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Carlos Wayne Smith. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed counsel, Mark Hall.

Defendant originally pleaded guilty to two counts of Possession with Intent to Distribute and Distribution of Cocaine Base in or Near a School, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 15 and a criminal history category of I, was 18 to 24 months. On June 10, 2002, U.S. District Judge John Hannah, Jr. sentenced Defendant to 18 months imprisonment followed by a term of six years supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare and financial disclosure. On May 16, 2003, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, and from unlawfully using a controlled substance. As standard conditions of supervision, Defendant was required to, among other things, submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two

periodic drug tests thereafter, as directed by the probation officer; and report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

In its petition, the government alleges that Defendant provided urine specimens which tested positive for illegal substances on several occasions between August 31, 2004 and June 6, 2005; failed to report to the U.S. Probation Officer as directed on August 23, 2006; and failed to submit a written report within the first five days of the month for the months of March, June, August, and September 2006, and for the months of April, June, July, August, September, and December 2005. The government further alleges that Defendant violated two special conditions of supervised release.

If the Court finds by a preponderance of the evidence that Defendant committed any of these violations, a statutory sentence of no more than three years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by possessing methamphetamine would violate Texas Health and Safety Code § 481.115 and would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating a condition of supervision by possessing a

controlled substance, as evidenced by his urine specimen of June 6, 2005 which tested positive for methamphetamine, as alleged in the government's petition. In exchange, the government agreed to recommend that Defendant serve 6 months in prison with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court RECOMMENDS that Defendant, Carlos Wayne Smith, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow. The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 16th day of October, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE